1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRANDEN WILLIE ISELI,                    No.  2:24-cv-1041 CSK P

12              Petitioner,

13         v.                                  ORDER AND FINDINGS &
                                               RECOMMENDATIONS
14    CALIFORNIA DEPARTMENT OF
      CORRECTIONS,
15
                Respondent.
16

17         Petitioner is a state prisoner proceeding pro se.  On April 8, 2024, petitioner filed a new

18    action using the court's petition for writ of habeas corpus form.  (ECF No. 1.)  On April 29, 2024,

19    petitioner was ordered to file an in forma pauperis affidavit or pay the required filing fee.  See

20    28 U.S.C. §§ 1914(a); 1915(a).  On April 29, 2024, petitioner filed an application to proceed in

21    forma pauperis.

22         Examination of the in forma pauperis application reveals that petitioner is unable to afford

23    the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  See 28

24    U.S.C. § 1915(a).

25         For the reasons set forth below, the Court recommends that this action be dismissed.

26    Discussion

27         As a general rule, a claim that challenges the fact or duration of a prisoner's confinement

28    should be addressed by filing a habeas corpus petition under 28 U.S.C. § 2254, while a claim that

1

1  challenges the conditions of confinement should be addressed by filing a civil rights action under

2  28 U.S.C. § 1983.  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).

3         Here, petitioner does not challenge the fact or duration of his confinement.  Rather,

4  petitioner challenges visiting restrictions, referencing his pending case, Iseli v. Unknown, No.

5  2:23-cv-0199 AC (E.D. Cal.), as well as his exposure to the COVID-19 virus over the last four

6  years.  Both claims implicate petitioner's conditions of confinement, not the fact or duration of

7  his confinement, and therefore are not properly brought in a petition for writ of habeas corpus

8  under section 2254.  Therefore, the petition must be dismissed.

9         Conversion to Civil Rights Complaint Inappropriate

10        In some instances, a district court may convert an improperly filed habeas petition into a

11  civil rights complaint.  See Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016) (en banc).

12  "If the complaint is amenable to conversion on its face, meaning that it names the correct

13  defendants and seeks the correct relief, the court may re-characterize the petition so long as it

14  warns the pro se litigant of the consequences of the conversion and provides an opportunity for

15  the litigant to withdraw or amend his or her complaint."  Id. at 936 (quoting Glaus v. Anderson,

16  408 F.3d 382 (7th Cir. 2005)).  However, due to the provisions of the Prison Litigation Reform

17  Act of 1995 ("PLRA"), including imposition of filing fees and limits on the number of actions a

18  prisoner may file in forma pauperis, a prisoner should not be obligated to proceed with a civil

19  rights action unless the prisoner clearly chooses to do so.  See 28 U.S.C. §§ 1915 & 1915A;

20  42 U.S.C. § 1997e; Bunn v. Conley, 309 F.3d 1002, 1007 (7th Cir. 2002) (stating that courts

21  should not recharacterize nature of prisoner's claim because PLRA and AEDPA created "pitfalls

22  of different kinds for prisoners using the wrong vehicle").

23        Petitioner's Pending Civil Rights Case

24        In addition, petitioner is already pursuing some of his civil rights claims in another case.

25  In Iseli v. Unknown, No. 2:23-cv-0199 AC (E.D. Cal.), petitioner challenged visiting restrictions

26  imposed on plaintiff while he was housed at California State Prison, Sacramento.[1]  Plaintiff's

27  ─────────────
   [1]  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285
28  F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both
   within and without the federal judicial system, if those proceedings have a direct relation to

1  complaint was dismissed with leave to amend, and on April 10, 2024, plaintiff filed an amended

2  complaint.  Id. (ECF No. 18.)  To the extent petitioner is attempting to also challenge such

3  visiting restrictions in the instant action, such attempt is unavailing because the claim is

4  duplicative of the claims raised in his prior civil rights action which remains pending.  Petitioner

5  must pursue those claims in his previously filed action, No. 2:23-cv-0199 AC.

6                          Improper Venue

7          Further, petitioner's other putative civil rights claims are not properly brought in the

8  Eastern District of California.  Petitioner is currently housed at Pelican Bay State Prison, and civil

9  rights actions based on conditions of confinement at PBSP are properly brought in the Northern

10  District of California.  Thus, to the extent petitioner is attempting to challenge visiting restrictions

11  or exposure to COVID-19 while he was housed at Pelican Bay State Prison, petitioner must bring

12  such claims in the Northern District of California.  Because such claims are not properly brought

13  in the Eastern District of California, the Court declines to grant plaintiff leave to amend to file

14  such claims in this action.

15          Challenge to Conviction

16          Finally, the Court has considered whether petitioner should be allowed to amend to

17  challenge his underlying criminal conviction.  However, court records reveal that petitioner

18  previously filed an application for a writ of habeas corpus attacking the conviction and sentence

19  referenced in the instant petition.  The previous application was filed on August 22, 2022, and

20  was denied on the merits on March 13, 2023.  Iseli v. Lynch, No. 2:22-cv-1483 TLN EFB (E.D.

21  Cal.).  If petitioner wishes to again challenge his convictions in the Superior Court of San Joaquin

22  County for murder and attempted murder, he cannot proceed with the instant application.  Instead,

23  petitioner must first move in the United States Court of Appeals for the Ninth Circuit for an order

24  authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3).  Therefore,

25  petitioner's application must be dismissed without prejudice to re-filing upon obtaining

26  authorization from the United States Court of Appeals for the Ninth Circuit.

27  ///

28  matters at issue") (internal quotation omitted).

1    Leave to Amend

2           Although the Court would generally grant plaintiff leave to amend in light of his pro se

3    status, amendment is futile in this instance because the above-described deficiencies cannot be

4    cured by amendment.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S.

5    Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility

6    of amendment" as a proper basis for dismissal without leave to amend); see also Trimble v. City

7    of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief

8    should be dismissed without prejudice to filing as a petition for writ of habeas corpus).  Thus, the

9    Court declines to recommend that petitioner be granted leave to amend.

10          In accordance with the above, IT IS HEREBY ORDERED that:

11          1.  Petitioner's motion to proceed in forma pauperis is granted; and

12          2.  The Clerk of the Court is directed to assign a district judge to this case.

13          Further, IT IS RECOMMENDED that this action be dismissed without prejudice.  See

14   Local Rule 110; Fed. R. Civ. P. 41(b).

15          These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17   after being served with these findings and recommendations, plaintiff may file written objections

18   with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

20   failure to file objections within the specified time may waive the right to appeal the District

21   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22

23   Dated:  May 6, 2024

24                                                                          _____
                                                                            CHI SOO KIM
25                                                                          UNITED STATES MAGISTRATE JUDGE

26

27   /1/isel1041.dsm

28

4