UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI, | No. 2:24-cv-1041 TLN CSK P |
| Petitioner, | |
| v. | <u>ORDER</u> |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se.  On October 10, 2024, petitioner filed a motion for extension of time.  (ECF No. 10.)  On October 24, 2024, the district court referred the motion to this Court.  (ECF No. 11.)  As discussed below, the motion is denied.

I.    BACKGROUND

    On May 6, 2024, the Court found that the petition for writ of habeas corpus must be dismissed because petitioner did not challenge the fact or duration of his confinement, and it was not appropriate to convert the habeas petition into a civil rights complaint because, <u>inter alia</u>, petitioner was already pursuing some of his civil rights claims in another case.  (ECF No. 6.)  On May 24, 2024, the district court adopted the findings and recommendations in full over petitioner's objections, this action was dismissed without prejudice, and judgment was entered.  (ECF Nos. 8, 9.)  Petitioner did not file an appeal.

On October 10, 2024, petitioner filed a document bearing multiple case numbers, including the case number for the instant action, seeking a fourteen day extension of time due to COVID-19.  (ECF No. 10.)

II.     DISCUSSION

Petitioner's motion is confusing because it includes ten different case numbers for both civil rights and habeas cases petitioner has filed in this district.  (ECF No. 10 at 1.)  Although his motion is directed to "pending" cases, at least two of the cases listed, including this one, are not pending.[1]  (Id. at 1, 2.)  This case was terminated on May 6, 2024.  Because this case is closed, there is no pending deadline to be extended.

Petitioner also seeks to have the "pending case" transferred directly to the Court of Appeal as an "emergency transfer," to seek authorization from the Ninth Circuit for petitioner to file a second or successive application for writ of habeas corpus.  (ECF No. 10 at 2.)  While this action was initially filed as a petition for writ of habeas corpus, this Court found that petitioner did not challenge the fact or duration of his confinement, and therefore it was not properly filed as a habeas petition.  Because petitioner did not bring putative habeas claims in the instant petition, he does not need authorization from the Ninth Circuit to file a second or successive application for writ of habeas corpus in connection with this case.  Indeed, petitioner's claims involved issues related to his conditions of confinement and, as set forth in the findings and recommendations, are more appropriately raised in a civil rights action under 42 U.S.C. § 1983.  (ECF No. 6 at 2.)  Thus, his request to transfer this case to the Ninth Circuit is denied.

A.      Deadline to Appeal Cannot Be Extended

To the extent that petitioner's motion for extension of time could be construed as a motion for extension of time to file an appeal from the judgment entered in this action, such motion is untimely and must be denied.

---

[1] Iseli v. Lynch, No. 2:24-cv-0681 DJC AC P, was terminated on May 13, 2024.  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

2

An appeal "from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). The notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, the district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Here, judgment was entered on May 24, 2024. Petitioner's appeal was due thirty days later, on or before June 24, 2024.[2] Petitioner did not file an appeal, but petitioner could have sought an extension of time provided he did so no later than July 24, 2024. Petitioner did not file a request for extension of time to file a notice of appeal on or before July 24, 2024. As set forth above, Rule 4(a)(5)(C) expressly limits this Court's ability to extend a litigant's deadlines to file an appeal, and this Court does not have the authority to grant petitioner additional time to seek an appeal from the May 24, 2024 judgment. Fed. R. App. P. 4(a)(5)(C).

The Court also considers whether petitioner would be entitled to relief under Rule 4(a)(6), which permits the district court to reopen the time to file an appeal if <u>all</u> of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Petitioner does not allege that he did not receive notice of the judgment,

---

[2] Because the thirty day deadline expired on a Sunday, June 23, 2024, petitioner could have filed his appeal on June 24, 2024. Fed. R. Civ. P. 6(a)(1)(C).

and the court's docket does not reflect any returned mail.  Because petitioner does not satisfy the first condition of Federal Rule of Appellate Procedure 4(a)(6), he is not entitled to relief.

Accordingly, the Court is without authority under Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6) to reopen the expired time for filing a notice of appeal.

B.      Admonition

By filing a document bearing ten different case numbers, without regard to the nature or status of each case, petitioner has unduly burdened the Court and placed a significant drain on this Court's resources.[3]  While the Court is required to liberally construe pro se filings, "pro se litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)); see also Faretta v. California, 422 U.S. 806, 834 n.46 (1975).  In the future, petitioner should refrain from filing motions bearing multiple case numbers.  Rather, petitioner is required to file one motion bearing the case number of the specific case in which the motion is intended.  It is incumbent upon petitioner, even as a pro se litigant, to keep records of his cases and only file motions in the appropriate case.

III.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion (ECF No. 10) is denied.

Dated:  October 25, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/isel1041.158.app

---

[3] "Judges in the Eastern District of California carry the heaviest caseloads in the nation." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014).